

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:07-CV-0127 |
| | § | |
| MARTIN A. CALDERON | § | |

### REPORT AND RECOMMENDATION TO DENY, IN PART, MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant MARTIN A. CALDERON has filed with this Court a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant is entitled to no relief and recommends the motion to vacate, set aside or correct sentence be DENIED in part.

### I.
### FACTS AND PROCEDURAL HISTORY

On February 24, 2004, defendant was charged in a two count superseding indictment with conspiracy to commit kidnapping, in violation of 18 U.S.C. §1201(d) and kidnapping, in violation of 18 U.S.C. §§ 1201(a) and 2. On April 28, 2004 a jury convicted defendant on both counts. On July 29, 2004, the Court sentenced defendant to a term of 188 months imprisonment on each count, such terms to run concurrently, with a five (5) year supervised release term, a special assessment of $200.00 and restitution in the amount of $5,782.00. Defendant CALDERON timely appealed. On April 27, 2005, the Fifth Circuit Court of Appeals vacated defendant's sentence and remanded the case back to this Court for re-sentencing. On July 7, 2005, the Court again sentenced defendant to a term of 188 months imprisonment on each count, such terms to

run concurrently, with a five (5) year supervised release term, a special assessment of $200.00 and restitution in the amount of $5,782.00. Defendant again appealed to the Fifth Circuit who, on May 2, 2006, dismissed the appeal. On June 15, 2006 defendant filed a petition for writ of certiorari with the United States Supreme Court which was denied on October 2, 2006.

On June 29, 2007, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## II.
## DEFENDANT'S ALLEGATIONS

Defendant CALDERON appears to raise the following grounds in support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States:

1. Counsel was ineffective because he:
    a. failed to challenge prior state court convictions used to enhance defendant because such state court convictions were illegally obtained in that he was not represented by counsel;
    b. failed to argue *Booker*
    c. failed to argue *Apprendi*
    d. failed to urge jurisdictional matters
    e. failed to raise a meaningful defense

2. The sentence violates *Booker* and *Apprendi*.

3. The federal court lacked subject matter, legislative, territorial or admiralty jurisdiction.

4. The sentence is otherwise subject to collateral attack. Although this ground is not clear, the defendant appears to argue that as an alien he has collateral attack rights and cannot be charged with fees and/or restitution.

## III.
## JEFFRIES' CLAIM 1 - INEFFECTIVE ASSISTANCE

Defendant CALDERON has raised five (5) sub-issues under his ineffective assistance of

counsel claim. An Order to Show Cause will be entered regarding sub-issues a and e, which will require the government to respond to these claims. To the extent defendant argues his counsel failed to raise jurisdictional matters or argue the *Booker* and *Apprendi* issues, such claims are without merit as set forth below. Since these claims are without merit, it cannot be said counsel was ineffective for failing to urge meritless issues. Defendant's claim 1(b), (c) and (d) should fail.

## IV.
## CLAIM 2 - *BOOKER* AND *APPRENDI*

In his second claim, defendant CALDERON asserts his sentence was imposed in violation of the holdings of *Booker* and *Apprendi* and that counsel was ineffective for not arguing the issue.

> When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir.1998). 'As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice.' *Id.*

*United States of America v. Grant*, Nos. Cr. H-98-0044, C.A. H-06-2648, Slip. Op., 2006 WL 2521337, *3 (S.D.Tex. August 29, 2006). In the instant case, after defendant was re-sentenced, his counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Defendant, acting *pro se*, filed a response to the *Anders* brief and independently raised the *Apprendi* and *Booker* issues before the appellate court. In its Order of dismissal of defendant's appeal, the Fifth Circuit Court of Appeals stated, "Our independent review of counsel's brief, Calderon's response, and the record discloses no issue of arguable merit for appeal." *U.S. v. Calderon*, 178 Fed.Appx. 385, 2006 WL 1209384 (C.A.5 (Tex.))(May 2, 2006). Since the *Apprendi* and *Booker* issues were adjudicated by the Fifth Circuit Court of Appeals, defendant is

precluded from raising them herein.

V.
## JURISDICTION

Defendant CALDERON appears to argue the judgment of the Court is void as the Court lacked jurisdiction, specifically subject matter, legislative, territorial or admiralty jurisdiction. First, these issues were not raised on direct appeal, and defendant presents them for the first time in this section 2255 motion. Defendant has not established cause and prejudice to excuse his failure to raise such issues on direct appeal.

Following a conviction and the exhaustion of or waiver of the right to a direct appeal, a defendant is presumed fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, a § 2255 review of a conviction is ordinarily limited to questions of a constitutional or jurisdictional magnitude. These issues **may not** be raised for the first time on collateral review if they were not raised on direct appeal, without a showing of cause and prejudice. Other types of error, non-constitutional or non-jurisdictional, may not be raised in a § 2255 motion to vacate unless the defendant is able to demonstrate the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998).

Consequently, defendant CALDERON's third claim presented in this § 2255 motion to vacate, is not cognizable because defendant did not raise such issue on direct appeal and has failed to show adequate cause for his failure to raise the issue on direct appeal.

Notwithstanding the above outlined procedural bar, defendant's claim, which comprises the majority of the pleadings filed in this §2255 case, is wholly without merit. Defendant's

pleadings, including what appears to be a pre-prepared brief possibly from another cause of action, are illogical assertions that the federal courts do not have jurisdiction over kidnapping offenses prohibited by Title 18 of the United States Code. These claims have no basis in law. This claim should be denied.

## VI.
## COLLATERAL ATTACK

Although the Court is unable to determine the nature of defendant's final claim, he appears to argue his sentence is otherwise subject to collateral attack, even though he is not a citizen of the United States, and that he cannot be charged with fees and/or restitution. Again, defendant failed to raise this claim on direct appeal and has failed to demonstrate cause and prejudice for such failure. Additionally, the special assessment of $200 and the restitution of $5782.00 were authorized by statute, *i.e.* 18 U.S.C. 3013(a)(2)(A) and the Mandatory Victim Restitution Act of 1996, 18 U.S.C.A. §3663A respectively. Defendant's claims are without merit.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that defendant MARTIN A. CALDERON's motion to vacate, set aside and correct sentence be DENIED as to Claims 1b, 1c, 1d, 2, 3 and 4. If this recommendation is adopted, an Order to Show Cause will issue as to Claims 1a and 1e.

# VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of October 2007.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).