IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:07-CV-0127 |
| | § | |
| MARTIN A. CALDERON | § | |

## REPORT AND RECOMMENDATION TO DENY
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant MARTIN A. CALDERON has filed with this Court a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. section 2255. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motion to vacate, set aside, or correct sentence be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

In February of 2004, defendant was charged in a two-count superseding indictment, cause number 2:03-CR-88-J-BB-1, with conspiracy to commit kidnapping, in violation of 18 U.S.C. section 1201(d), and kidnapping, in violation of 18 U.S.C. sections 1201(a) and 1202. On April 28, 2004, a jury convicted defendant on both counts. On July 30, 2004, the Court sentenced defendant to a term of 188 months' imprisonment on each count, such terms to run concurrently, with a five-year supervised release term, a special assessment of $200.00, and restitution in the amount of $5,782.00. Defendant timely appealed. On April 27, 2005, the Fifth Circuit Court of Appeals vacated defendant's sentence and remanded the case for re-sentencing. In July of 2005, the Court again sentenced defendant to a term of 188 months' imprisonment on each count, such terms to run

concurrently, with a five-year supervised release term, a special assessment of $200.00, and restitution in the amount of $5,782.00. Defendant again appealed to the Fifth Circuit, which, on May 25, 2006, dismissed the appeal. Defendant's petition for writ of certiorari to the United States Supreme Court was denied on October 2, 2006.

On June 29, 2007, defendant filed this Motion Under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On October 1, 2007, the undersigned United States Magistrate Judge entered a Report and Recommendation to deny all but two of defendant's claims. On October 16, 2007, defendant filed objections to the Report and Recommendation. On October 18, 2007, the United States District Judge issued an Order Overruling Objections, Adopting Report and Recommendation, and Denying, In Part, the Motion to Vacate, Set Aside, or Correct Sentence. On October 19, 2007, the undersigned issued an Order to Show Cause ordering the Government to file an answer to the remaining two claims. On November 28, 2007, the Government filed it's Response in Opposition.

## II.
## DEFENDANT'S ALLEGATIONS

In the grounds remaining for review, defendant appears to present two main issues: the computation of points for sentencing purposes in his offense level and the computation of points in his criminal history. He challenges these two computations by asserting his counsel at trial was ineffective (1) by failing to raise a meaningful defense in regard to the offense level computations and (2) by failing to challenge prior state court convictions used to enhance the points attributed to defendant in his criminal history.

## III.
## MERITS

Both of defendant's remaining grounds raise claims that trial counsel rendered ineffective assistance. In order to obtain relief on the ground of ineffective assistance of counsel, a defendant must demonstrate not only that his counsel's performance was deficient, but also that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). If a defendant fails to show either the deficiency or prejudice prong of the *Strickland* test, then the court need not consider the other prong. *Id.* at 697, 104 S. Ct. at 2069.

To demonstrate deficiency, the defendant must show counsel's actions "fell below an objective standard of reasonableness." *Id.* at 668, 104 S. Ct. at 2064. Objectively reasonable conduct "requir[es] that counsel 'research relevant facts and law, or make an informed decision that certain avenues will not be fruitful.'" *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004) (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)). A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066).

To demonstrate prejudice, a defendant must show a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In order to demonstrate prejudice in the federal sentencing context, a defendant must show a reasonable probability exists that, but for counsel's unprofessional errors, he would have received a lesser sentence. *Grammas*, 376 F.3d at 437-38.

A.
Enhancements

In his first remaining ground of ineffective assistance of counsel, defendant avers his trial counsel failed to raise a meaningful defense, i.e., defendant appears to contend his attorney failed to raise a meaningful defense because she failed to object to the offense level computations. The following is the computation of defendant's offense level, as set forth in the Presentence Report (hereinafter PSR) and adopted by the trial court:

| | |
|---|---|
| Base offense level | 24 |
| Victim sustained serious bodily injury | 2 |
| Dangerous weapon was used in the commission of the offense | 2 |
| Defendant was an organizer of the criminal activity | 2 |
| <u>Defendant obstructed justice</u> | <u>2</u> |
| Total offense level | 32 |

(PSR, pg. 7, paragraphs 289-36). Defendant argues the court should not have added any of the additional points on to his base offense level of twenty-four.

Contrary to defendant's contention that his attorney failed to raise any meaningful defense to the use of the enhancements, the record shows defendant's attorney objected to all of the increases to the base offense level. (Addendum to the PSR, pgs. 4-5; Sentencing Hearing, pgs. 23, 27). The record reflects the trial court considered these objections and overruled them. Because defendant's attorney objected to and thoroughly argued against the increases, she did not render ineffective assistance of counsel. *See Strickland*, 466 U.S. at 668, 104 S. Ct. at 2064. And, as respondent points out, defendant's attorney certainly did not render ineffective assistance of counsel simply because the trial court overruled her objections. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). Therefore, defendant's ineffective assistance of counsel contention based on these grounds is without merit.

B.
Criminal History Score

In his second remaining ground of ineffective assistance of counsel, defendant contends counsel was ineffective for failing to challenge the use of three prior convictions in the calculation of his criminal history score, which impacted the level of sentence he received. Defendant avers the prior convictions were illegally obtained and should not have been used to enhance his sentence because they were obtained without the assistance of counsel.

The PSR reflects defendant had several convictions and was assessed points for all but one of those convictions, as follows:

| Offense | | Points Assessed |
|---|---|---|
| 1. | Theft (1992) | 0 |
| 2. | Driving Under the Influence (DUI) (1992) | 1 |
| 3. | Theft (1993) | 1 |
| 4. | Theft (1994) | 1 |
| 5. | Possession of Cocaine with intent to sell Possession of Marijuana with intent to sell No Kansas Drug Tax Stamp (1995) | 3 |
| 6. | Attempted Assault (1997) | 1 |

(PSR, pg. 8-9, paragraphs 38-43). In addition to these points, the probation officer preparing the PSR concluded defendant Calderon committed the kidnapping and conspiracy to commit kidnapping offenses while he was on probation, resulting in two more criminal history points, and a total criminal history score of nine. As discussed above, his offense level was calculated at thirty-two. Based on these two scores, the defendant was placed in Category IV of the sentencing guidelines, which carries a sentence range of 168 to 210 months of confinement. United States Sentencing Commission, Guidelines Manual, § 5A (Nov. 2003) (hereinafter USSG). Defendant contests the use of the DUI conviction and the 1993 and 1994 theft convictions because he was not represented by counsel in any of the cases.

Again, contrary to defendant's assertions, his counsel did, in fact, object to the use of two of these three contested offenses. Defendant's attorney objected to the use of the DUI because there was no evidence the person convicted and the defendant were the same person. (Addendum to the PSR, pg. 6). The probation officer verified the person convicted of the DUI and the defendant were not the same person and removed that point from the criminal history total. (*Id.*).

Defendant's attorney also objected to the two points for committing an offense while on probation for a different offense because there was no evidence the person on probation and the defendant were the same person. (*Id.*). Defendant's attorney was again successful, and the probation officer, after verifying the objection, removed the two criminal history points. (*Id.*).

Defendant's attorney also objected to use of the 1994 theft (found in paragraph 40 of the PSR) because there was no evidence defendant had the assistance of counsel in that case. These are the same grounds the defendant asserts in this motion to vacate. The probation officer verified the objection and accordingly recalculated the criminal history total. (Second Addendum to the PSR, pg. 4).

As a result of his attorney's successful objections, Calderon's recalculated criminal history total was reduced from nine to five, moving defendant from Category IV of the Sentencing Guidelines, with a punishment range of 168 to 210 months' incarceration, to Category III, which carries a punishment range of 151 to 188 months of incarceration. *See* USSG § 5A. Since defendant's attorney not only objected, but actually prevailed on those objections, defendant cannot demonstrate any deficiency in his attorney's representation as it relates to the DUI and the 1994 theft convictions.

As to the 1993 theft conviction, the record does not contain any objection to the use of this offense, or any explanation for the decision to not object. The representation afforded to the defendant by his attorney as demonstrated above, and also by the fact she filed a total of twenty-five objections to the eighteen-page-long PSR supports a strong presumption of effective representation and leads to the conclusion that petitioner did not receive ineffective assistance of counsel. *See Wilkerson*, 950 F.2d at 1065.

However, assuming *arguendo* defendant's trial counsel was deficient by failing to object to the use of the 1993 theft conviction, defendant cannot show any prejudice. One point was assessed toward defendant's criminal history total based on the 1993 theft. Had his attorney successfully objected to the use of the theft, defendant's total criminal history score would have been four. A score of four puts a defendant in the same category (Category III) as a score of five. USSG § 5A. Therefore, even if the 1993 theft not been used, defendant Claderon would still would have been subject to 151 to 188 months' incarceration. Defendant has failed to demonstrate he would have received a lesser sentence if his attorney would have successfully challenged the use of the 1993 conviction. *See Grammas*, 376 F.3d at 437-38. This contention of ineffective assistance of counsel is without merit.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside, or correct sentence by petitioner MARTIN A. CALDERON be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 15th day of May 2009.

                                                   CLINTON E. AVERITTE
                                                   UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

    Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).